**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF       :
               CASE NO. 02-01296(SEK)
DAVID GONZALEZ CORTES   :
CARMEN PAGAN VELEZ
              :
  DEBTORS         CHAPTER 13
              :
---------------------------------
DAVID GONZALEZ CORTES   :
CARMEN PAGAN VELEZ
              :
  PLAINTIFFS       ADV. PROC. NO. 05-0154
              :
    v.          :

RG MORTGAGE CORP.      :

  DEFENDANT       :
              :
---------------------------------

> **FILED & ENTERED**
>
> **2 8 SEP 2006**
>
> CLERK
> U.S. BANKRUPTCY COURT
> SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Before the Court are plaintiffs' motion for partial summary judgment and defendant's cross-motion for summary judgment concerning a complaint for willful violation of the automatic stay. There are no material facts in controversy and based on these and applicable law, we grant plaintiffs' motion and deny defendants' motion for reasons that follow.[1]



The record shows plaintiffs filed for protection under Chapter 13 of the U.S. Bankruptcy Code. RG Mortgage Corp ("RG") received notice of this filing. After receiving this notice, secured creditor RG, filed a motion to lift stay because Plaintiffs were

---

[1]"Summary judgment is warranted where the record, viewed most favorably to non-moving party, reveals that there is no genuine dispute as to any material fact and moving party is entitled to judgment as a matter of law." <u>Blanchard v. Peerless</u>, 958 F.2d 483, 485 (1st Cir. 1992).

2

not complying with the confirmed plan, which required payments of the post petition monthly mortgage installments detailed in the loan agreement.    In its prayer RG states: "Wherefore, movant respectfully prays from this Honorable Court to grant this motion by entering an order lifting the automatic stay in its favor".  We granted RG's motion by default.

Afterwards, RG filed a complaint against plaintiffs in Insular Court for collection of money and foreclosure of its mortgage. The complaint requested a judgment, including the sale of any property of the plaintiffs other than the one encumbered by its lien, to pay for any deficiency produced by the auction of the encumbered realty. Based on this assertion, Plaintiffs filed the present complaint claiming this remedy violated the automatic stay so that summary judgment should be entered accordingly.

RG avers it did not violate the stay, because we terminated the automatic stay before it filed the suit in the Insular Court which culminated in the mentioned judgment.

***Did our order termnating the automatic stay allow RG to file a complaint in the Insular Court which included an action for collection of money resulting from any deficiency against plaintiffs?***

Bankruptcy Code Section 362(a) stays actions against the debtor, debtors' property, and property of the estate.[2]   The purpose of the automatic stay is to "prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs



---

[2]11 U.S.C. §362(a).

3

in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor. Because it is the bankruptcy judge who is the most knowledgeable about the debtor's affairs, and about the effect that any judicial proceeding would have on the debtor's reorganization, it is essential that [the bankruptcy judge] make the determination as to whether an action against the debtor may proceed or whether the stay against such actions should remain in effect. (citations omitted)" *Schulz v. Holmes*, 149 B.R. 251 (Bankr.D.Mass. 1993).

Under Section 362(d)[3], upon request of a party in interest, the Court may terminate, annul, modify, or condition the automatic stay. The stay is a fundamental protection for all parties affected by the filing of a petition in bankruptcy, and "it should not be dismantled without good reason." *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969 (1st Cir. 1997). "Because a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceeding, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed." *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987). Therefore, any proceeding "not fairly encompassed within the language of the order" remains subject to the automatic stay. *Interbusiness Bank, N.A. v. First National Bank of Mifflintown*, 328



---

[3]11 U.S.C. 362(d).

4

F. Supp. 2d 522, 525-526 (M.D. Pa. 2004).

Here, RG requested an order lifting the stay which we granted by default.  RG's motion only alluded to their secured interest and based its request on plaintiffs' post-petition arrears on their secured debt.  RG did not state it intended to pursue a collection action against plaintiffs in their personal capacity, nor that it would collect any deficiency from the foreclosure sale against others assets of the plaintiffs.  This Court could only interpret that RG's intention was to proceed *in rem* against its collateral, as is typically requested by secured creditors in motions to terminate the stay.  Furthermore, since our order lifting the stay was entered by default, its language was general in nature, and did not specifically allow RG to proceed against debtors personally to collect any deficiency. *See In re Russell, Corp.*, 156 B.R. 347 (Bankr.N.D.Ga. 1993); *In re Virginia Hill Partners I*, 110 B.R. 84 (Bankr.N.D.Ga. 1989).  Thus, RG's motion was not specific enough to alert this Court that it was requesting a lift of stay to continue an *in personam* action, and in turn, our default order did not encompass allowing the collection of moneys carried out by RG in the non bankruptcy arena.



Therefore, we find that our order lifting the automatic did not allow RG to file a collection of money action against Plaintiffs. Accordingly, we find RG's state court action attempting to recover any deficiency against plaintiffs and their unencumbered property violated the automatic stay.

WHEREFORE, Plaintiffs motion for a partial summary judgment

5

is granted and Defendant's cross motion is denied.

The Clerk shall schedule a pretrial hearing for the remaining issue of damage assessment.

**SO ORDERED,** in San Juan, Puerto Rico, on September 27, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge